IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR VALLEY BANK,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) **Case No. 1:17-cv-04384** ) **Hon. Edmond E. Chang** |
| **CROWE HORWATH LLP,** | ) ) ) |
| **Defendant.** | ) |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS
OF CROWE DEPONENTS KNORR AND INSERRA**

Plaintiff, the Federal Deposit Insurance Corporation as Receiver for Valley Bank ("Plaintiff" or "FDIC-R") hereby moves, pursuant to Federal Rules of Civil Procedure 26, 30 and 37, to compel the depositions of Crowe auditors Heather Knorr and Salvatore Inserra. In support of this Motion, Plaintiff states as follows:

1. This case concerns Crowe's negligent audits of the consolidated financial statements of Valley Bank's ("Valley") holding company, River Valley Bancorp., Inc. Crowe committed malpractice by issuing unqualified audit opinions on Valley's financial statements despite its knowledge of manipulation of Valley's financial condition, inadequate internal controls and insufficient evidence to support its audit opinion.

2. The Court's scheduling order extended the close of fact discovery to July 29, 2018. ECF No. 69. The Court further ordered that the parties file a Joint Deposition Status Report by May 29, 2018 listing the depositions that have been taken and confirmed dates for the remaining depositions. *Id.*

3. In March 2018 during discovery conferences, Plaintiff alerted Crowe of specific auditors that it intends to depose. On April 11, 2018, the FDIC-R served deposition notices on counsel for Crowe for the depositions of Heather Knorr, a Crowe auditor who worked on the

Valley audit, and Salvatore Inserra, a consulting partner on the Valley audit. These initial depositions of Crowe personnel are noticed for May 2 and 8, 2018, respectively. *See* Notices attached as Exhibits A and B. The FDIC-R intends to then move forward with additional depositions of Crowe personnel consistent with the Court's scheduling order. No depositions have been taken in this action yet.

4. Crowe refuses to produce any of its auditors for deposition. Crowe bases this blanket refusal on the grounds that it is still seeking the production of nonparty documents. For example, Crowe is seeking additional regulatory documents as well as other nonparty documents (such as documents of the prior auditor) that the FDIC-R obtained in its broad and confidential investigation into Valley, which extended to matters well beyond Crowe's role as auditor.[1]

5. Crowe has no legitimate grounds to refuse to produce its personnel for deposition now. The documents Crowe seeks are irrelevant to the FDIC-R's depositions of Crowe personnel. Ms. Knorr and Mr. Inserra will be questioned about their work on the Valley audits and various audit failures.

6. During the parties' meet-and-confer sessions, Crowe has been unable to justify why Ms. Knorr and Mr. Inserra cannot testify now about the work they performed in the Valley audit. For example, Crowe seeks documents produced by McGladrey, the former auditor of Valley, to the FDIC-R in its confidential investigation of Valley. Crowe, in fact, breached its professional obligation in failing to obtain McGladrey's audit workpapers or to speak with McGladrey's auditors regarding the audit environment prior to Crowe's audit of Valley.

---

[1] These documents have been the subject of extensive meet-and-confer efforts over the past two months. The FDIC-R has already produced substantial portions of investigative materials where it could do so without running afoul of its statutory confidentiality obligations. *See* 12 CFR § 308.147. Today, Crowe moved to compel certain of these records. That discovery motion will take time to resolve, in part, because it will require the involvement of the FDIC in its corporate capacity, which has asserted the bank examination privilege over certain documents. *See* 12 CFR § 309.6.

Regardless of how the Court resolves Crowe's motion to compel nonparty documents, McGladrey documents concerning an entirely different audit are irrelevant to the factual testimony of Crowe personnel about its failed audits of Valley.

7. Crowe's refusal to produce its witnesses delays the progress of discovery in this action. After making an extensive document production of nearly 400,000 documents, the FDIC-R seeks to move forward with depositions consistent with the Court's scheduling order. Crowe's refusal to produce its witnesses violates its discovery obligations. Depositions need to move forward. Awaiting the resolution of Crowe's motion to compel is both unnecessary and will significantly delay completion of fact discovery.

8. Pursuant to Local Rule 37.2, counsel for the FDIC-R has conferred on numerous occasions with Crowe in attempt to resolve this dispute without Court intervention. FDIC-R counsel Susan Valentine and David Giles spoke by phone with Crowe counsel Andrew Fuchs on April 5, 2018, regarding Crowe's refusal to proceed with any depositions. After following up by email to confirm Crowe refused to change its position (*see* Exhibit C), FDIC-R counsel Susan Valentine and Larry Heftman engaged in another telephone conference with Crowe counsel, including Mr. Fuchs, on April 13, 2018 in a final attempt to resolve these issues. Crowe also confirmed its objection to this Motion on April 16, 2018.

9. In each conference, the FDIC-R requested that Crowe explain how documents that Crowe personnel did not receive and which were not reflected in its workpapers could be necessary for Crowe witnesses to testify about their own audit work. Crowe was unable to and cannot justify its position.

WHEREFORE, the FDIC-R requests that the Court grant its Motion to Compel and order Crowe to produce its personnel, including specifically Ms. Knorr and Mr. Inserra, for deposition.

Dated: April 16, 2018

/s/Susan Valentine
Susan Valentine
Lydia A. Bueschel
Elisa Wesche
Yanick E. Polycarpe
VALENTINE AUSTRIACO & BUESCHEL, P.C.
105 West Adams Street, 35th Floor
Chicago, Illinois 60603

Lawrence H. Heftman
David C. Giles
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606

*Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Valley Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2018, I electronically filed the foregoing Plaintiff's Motion to Compel with the Clerk of the Court using the ECF system, which will send notification to all counsel of record, including the counsel listed below.

/s/Susan Valentine
Susan Valentine

Patrick Fitzgerald
Andrew Fuchs
Francisco Nagel
Katherine Morgan
Skadden, Arps, Slate, Meagher & Flom LLP
155 North Upper Wacker Drive
Chicago, Illinois 60606